The opinion of the Court was delivered by
Withers, J.
By the testament of Elizabeth Rumph, and the fifth clause of it, a negro was bequeathed to her daughter, Elizabeth Utsey, “ to her and her issue forever.” By the seventh clause of the testament (as we learn from the appellant’s counsel) the negro, so bequeathed, was not to be subject to the debts or control of Elizabeth’s husband, and should any attempt be made to the contrary, or the husband attempt to sell or destroy the property bequeathed, the executors should take the same into their possession, “ and pay over the income to Mrs. Utsey, during her natural life, and then to her issue.”
To this testament, George C. Utsey, .the legatee’s son, was a witness: the question was, whether he was a competent attesting witness. He was so regarded on Circuit, and the same question is made here, on appeal.
We are not prepared to say (as might seem to be intimated in the circuit report) that a limitation of a remainder to the children of Elizabeth Utsey, vested in interest or estate, though contingent as to whether it would ever be enjoyed in possession, and, if ever, by which of such children, would render any one of such children a competent witness attesting a will containing such a limitation, and this by reason of the contingency that might attend the enjoyment in possession of such an interest in a child. Of course there may be such a remainder vested and transmissible, and our course of decision recognize such testamentary limitation in a slave. An interest of that kind may disqualify an attesting witness. We do not stop to adjudge that.
The question here is, does any limitation of an interest, in *153 the negro bequeathed to the mother, in favor of George Utsey, the son and an attesting witness, appear in this testament 1 Does he take any interest, by purchase 1
It must be universally conceded, that, by the words of the fifth clause,-he does not: The bequest is “to Elizabeth Utsey, to her and her issue forever.” There is nothing to tie up thq generality of expression, and, according to all authority, it imports a failure in the indefinite line of heirs of the body. That is void as a limitation, void to create an interest by purchase in any but the first taker, and therefore she must take absolutely.
But it is urged that the sufficient restriction is to be found in that provision of the seventh clause which excluded the legacy from the debts and control of Elizabeth Utsey’s husband, and in case of an attempt to. thwart this provision, directed the executors to take the negro into possession, “ and to pay over the income to Mrs. Utsey, during her natural life, and then to her issue.”
It is quite obvious, that the purpose of this direction was to exclude, effectually, the intermeddling of the husband, or his creditors. The certain enjoyment of the legacy by Elizabeth during her life, was intended to be secured. Her title, or estate, was not changed, or divested, unless the words “ during her natural life, and then to her issue” must thus operate. They apply to the income, not to the corpus. No title is vested in the executors : the possession only was to be assumed by them in the anticipated contingency. Her natural life being determined, the income was then to be paid to her issue. But what issue 1 Nothing appears to shew that the testatrix really intended to apply any other meaning to issue here, than that which, it is admitted, must apply to it in the fifth clause : no word is used implying children, or other lineal descendants living at the time of her death, or necessarily to be in esse within the prescribed' time.
Conceding the inclination of the Courts, in some more recent cases, to construe a. devise to A. and his children, as amounting to a devise to A. for life with remainder to his children, and if we allow a bequest of personalty in like terms to stand on the *154 same footing, (and cases of this kind may be referred to as cited by Jarman on Wills, 313, et seq. not much approved by that author,) yet it will be seen that none of them exhibit such broad and unlimited terms as those now under consideration.
Undoubtedly this is a fruitful subject, and a vast deal might be added. Tt is enough to have indicated the course of reasoning which this court has followed, leading them to the conclusion, that George G. Utsey took no interest under the will of Humph, as purchaser, and, therefore, was a competent attesting witness to its execution.
Our judgment is, that the Circuit Judge was right, and that the motion be dismissed.
O’Neall, Wardlaw, Frost, Whitner and Glover, JJ., concurred.

Motion dismissed.